# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUKWUMA E. AZUBUKO,<br><br>                       Plaintiff,<br><br>     vs.<br><br><br>ROBERT F. CHAPSKI; CYNTHIA M. GARRATY,<br><br>                       Defendants. | CASE NO. 11 CV 2522 MMA (BLM)<br><br>**ORDER:**<br><br>**DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS*;<br><br>[Doc. No. 2]<br><br>*SUA SPONTE* **DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(B)** |

Plaintiff Chukwuma E. Azubuko, proceeding *pro se*, initiated this action by filing a complaint against Defendants Robert F. Chapski and Cynthia M. Garraty ("Defendants"). [Doc. No. 1.] Plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.]

## MOTION TO PROCEED IFP

A party instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed *in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

1  Plaintiff's affidavit states he is not employed, but receives "unspecified transferred income
2 from a family member who received $618 from the DTA monthly." [Doc. No. 2, p.1.]  Plaintiff
3 indicates he has a checking or savings account with a balance of $150 and he owns a 2000 Honda
4 CRV, valued at $3,500.  [*Id*. at p.2.]  Plaintiff also indicates he has several financial obligations,
5 including $1,100 per month for rent, $53 per month for his cell phone, and $350 per month for
6 utilities.  [*Id*.]  Finally, Plaintiff indicates he owes $15,000 (for an unintelligible obligation) and
7 that he is responsible for supporting his dependent 22-year-old son, Chisom Azubuko.  [*Id*.]
8   A party need not be completely destitute to proceed *in forma pauperis*.  *Adkins v. E.I.*
9 *DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  But "the same even-handed care must
10 be employed to assure that federal funds are not squandered to underwrite, at public expense,
11 either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in
12 material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).
13 Here, the Court finds Plaintiff's affidavit is incomplete and does not adequately demonstrate that
14 he is unable to pay the fees required to maintain this action.  Accordingly, the Court **DENIES**
15 Plaintiff's motion to proceed IFP under section 1915(a).

16  **SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)**

17  Under section 1915(e)(2)(B) "[n]otwithstanding any filing fee, or any portion thereof, that
18 may have been paid, the court shall dismiss the case at any time if the court determines" the case is
19 "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking
20 monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun*
21 *v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not
22 limited to prisoners.").
23  "[W]hen determining whether a complaint states a claim, a court must accept as true all
24 allegations of material fact and must construe those facts in the light most favorable to the
25 plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  In addition, the Court has a duty
26 to liberally construe a *pro se's* pleadings.  *Id.*  In giving liberal interpretation to a *pro se* complaint,
27 however, the court may not "supply essential elements of claims that were not initially pled."  *Ivey*
28 *v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  For the

reasons set forth below, the Court concludes Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted.

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc*., 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc*., 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

Additionally, under Federal Rule of Civil Procedure 10(b), a plaintiff should state "each claim founded on a separate transaction or occurrence" as a "separate count." Fed. R. Civ. P. 10(b). Rule 10 provides that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* Upon due consideration, Plaintiff's complaint fails to satisfy the pleading standards of Rule 8(a)(2) and Rule 10(b), and is therefore subject to dismissal.

Plaintiff's complaint is entirely incomprehensible. The complaint is primarily comprised of what appear to be dictionary definitions, references to various constitutional provisions, statutes and other laws, as well as excerpts from Wikipedia, the Bible and other unknown sources. The complaint contains virtually no factual allegations upon which Plaintiff may base his claims.

The only material information the Court can discern is that Plaintiff is attempting to bring causes of action against two named defendants. First, Robert F. Chapski, "a male attorney and [sic] worked for Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C." located in Knoxville, Tennessee. [Doc. No. 1, p.1-3.] Second, Cynthia M. Garraty, "a female attorney and [sic] her address as Law Offices of Cynthia M. Garraty" located in North Haven, Connecticut. [*Id*. p.1, 3.] However, the Court cannot determine what actually occurred, what relief Plaintiff seeks, nor any

identifiable actions taken by the named Defendants.  Because Plaintiff's complaint is entirely unintelligible, it fails to give Defendants notice of the claims asserted against them.

In addition, the complaint contains no information that indicates the Court has subject matter jurisdiction over this action, or that the matter can proceed in this venue.  It is well-established that a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction.  *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Id.* (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).  Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence. . . ."  *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted).

Here, Plaintiff's Civil Cover Sheet indicates his action is based on federal question jurisdiction.  However, the complaint identifies the basis for jurisdiction as: "The august Court had *in personam* and subject matter jurisdiction constitutionally, statutorily, and procedurally."  [Doc. No. 1, p.3 (citations omitted).]  Plaintiff's conclusory and unintelligible jurisdictional allegations are not sufficient.  Aside from Plaintiff's incomprehensible references to various federal statutes, the Court cannot identify any potential ground to exercise jurisdiction over Plaintiff's claims, and therefore concludes it lacks subjection matter jurisdiction over this action.

With respect to venue, Plaintiff alleges "That existed too unquestionably!  [28 USC 1391(d)] An association of the proceedings with anti-trust violation meant existence of 'Expanded Venue Intended.'  [15 USC 12]  The Plaintiff aimed not at elogation of the Complaint.  These would be the bases."  [*Id.*]  Plaintiff's rambling statements regarding venue make no connection to the Southern District of California.  Notably, Defendants reside in Tennessee and Connecticut, and Plaintiff resides in Massachusetts.  Accordingly, the Court cannot identify any reason why venue would be appropriate here, as none of the parties reside in California, nor does it appear any discernable conduct occurred in this district.  In addition, the Court declines to attempt to transfer the action to an appropriate district because Plaintiff has not paid the filing fee, nor qualified to

proceed IFP, and his complaint fails to state a cognizable claim for relief. 28 U.S.C. § 1406 (transfer only appropriate if in the interests of justice); *see also Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (collecting cases holding, district court does not abuse its discretion by dismissing action for improper venue).

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion to proceed IFP. [Doc. No. 2.] The Court further concludes Plaintiff's complaint is frivolous and void of any plausible claims for relief. In addition, venue is not proper in the Southern District of California. Accordingly, because "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court **DISMISSES** the complaint **with prejudice**. *Franklin v. Murphy*, 245 F.2d 1221, 1228 n.9 (9th Cir. 1984).

**IT IS SO ORDERED**.

DATED: November 16, 2011

Hon. Michael M. Anello
United States District Judge