# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| CHUKWUMA E. AZUBUKO,<br><br>                      Plaintiff,<br><br>vs.<br><br>ROBERT F. CHAPSKI; CYNTHIA M. GARRATY,<br><br>                      Defendants. | CASE NO. 11 CV 2522 MMA (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 8] |
|---|---|

Currently pending before the Court is Plaintiff's motion for reconsideration of the Court's November 16, 2011 Order denying his motion to proceed *in forma pauperis*, and dismissing his complaint with prejudice [Doc. No. 3]. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for reconsideration.

## BACKGROUND

On October 28, 2011, Plaintiff Chukwuma E. Azubuko, proceeding *pro se*, initiated this action by filing a complaint against Defendants Robert F. Chapski and Cynthia M. Garraty. [Doc. No. 1.] Plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.] On November 16, 2011, the Court issued an order denying Plaintiff's motion to

1  proceed IFP, dismissing the complaint as frivolous, and finding that the Court lacks subject matter
2  jurisdiction over Plaintiff's claims and venue is improper in the Southern District of California.
3  [Doc. No. 3.]  On January 4, 2012, Plaintiff filed the pending motion for reconsideration under
4  Federal Rule of Civil Procedure 60(b).

5  **LEGAL STANDARD**

6  Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one
7  or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2)
8  newly discovered evidence which by due diligence could not have been discovered before the
9  court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the
10 judgment; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. 1J v. A Cand S*
11 *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Plaintiff moves for reconsideration under "Rule
12 60(b)(4)(6)."  [Doc. No. 8, p.4.]
13 With respect to subparagraph (4), "[t]he Ninth Circuit has consistently held that a final
14 judgment is void for purposes of Rule 60(b)(4) only if the court that considered it lacked
15 jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted
16 in a manner inconsistent with due process of law."  *Jimena v. UBS AG Bank, Inc.*, 2011 U.S. Dist.
17 LEXIS 68560 *24 (E.D. Cal. June 27, 2011) (citing *In re Sasson*, 424 F.3d 864, 876 (9th Cir.
18 2005) (quoting *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999)).  "A judgment is not
19 void within the meaning of Rule 60(b)(4) merely because it is erroneous."  *Id.* (citing *In re Sasson*,
20 424 F.3d at 875).  Under subparagraph (6), Plaintiff must show that there are extraordinary
21 grounds justifying relief; mere dissatisfaction with the court's order or belief that the court is
22 wrong in its decision are not adequate grounds for relief.  *Twentieth Century -- Fox Film Corp. v.*
23 *Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

24 **DISCUSSION**

25 **I.   RECONSIDERATION OF PLAINTIFF'S IFP STATUS IS NOT WARRANTED**
26 Plaintiff first urges the Court to reconsider its denial of his motion to proceed IFP on the
27 ground that individuals should not be denied access to the Courts solely because they are unable to
28 pay the filing fee.  [Doc. No. 8, p.4.]  Contrary to Plaintiff's suggestion, he was not denied access

to the Court because he is unable to pay. Rather, the Court carefully considered Plaintiff's motion to proceed IFP and determined it was incomplete, and that Plaintiff failed to demonstrate he lacked the financial resources to pay the filing fee. [Doc. No. 3, p.2.]

As stated in the Court's challenged order, a party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, proceeding IFP is a privilege, not a right. *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). "[T]he same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Plaintiff's motion for reconsideration does not challenge the Court's analysis of his financial resources, nor provide any additional information that might warrant a different result. Accordingly, reconsideration of the Court's order denying Plaintiff's motion to proceed IFP is not appropriate under Rule 60(b)(4) or (b)(6).

However, even if the Court granted Plaintiff's request to proceed IFP, the action still could not proceed for at least three reasons, each of which the Court identified in its November 16 Order. First, Plaintiff's complaint is frivolous, as it is entirely incomprehensible and does not state any claim upon which relief can be granted. Second, the complaint does not provide any legally cognizable ground for the Court to exercise jurisdiction over Plaintiff's claims. Third, even if federal jurisdiction existed, venue is not proper in the Southern District of California. The Court, again, addresses each of these deficiencies below.

## II. PLAINTIFF'S COMPLAINT IS INCOMPREHENSIBLE

Plaintiff appears to dispute the Court's conclusion that his complaint does not satisfy Federal Rule of Civil Procedure 8(a)(2), requiring a short and plain statement demonstrating he is entitled to relief. [Doc. No. 8, p.2.] Plaintiff also asserts he should have been given leave to amend. [*Id.*] The Court disagrees. Although the Court must construe a *pro se* litigant's pleadings broadly, dismissal without leave to amend is appropriate where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 245 F.2d 1221, 1228 n.9 (9th Cir. 1984). Just like his complaint, Plaintiff's motion for reconsideration is

almost entirely incomprehensible. For example, Plaintiff states: "The Court's take vis-a-vis the sub-head was untrue! Should the Plaintiff shave his teeth for compliance?" [*Id.*] The Court is simply unable to decipher what type of relief Plaintiff seeks, or any facts evidencing that leave to amend would not be futile.

In addition, the Court's prior Order identified several pleading deficiencies beyond its Rule 8 concerns. [*See* Doc. No. 3, p.2-4.] The Court declines to reiterate that discussion here, as Plaintiff's pending motion still fails to identify any facts or coherent theories of liability. It remains entirely unclear what kind of action Plaintiff desires to bring. Moreover, Plaintiff does not explain why reconsideration is appropriate, nor does he even attempt to identify facts that he could allege to cure the noted deficiencies in his complaint. Accordingly, the Court concludes it correctly dismissed Plaintiff's complaint with prejudice and without leave to amend.

Even if the Court could be persuaded that Plaintiff might be able to state a claim if granted leave to amend, Plaintiff's claims cannot proceed in this Court because it lacks subject matter jurisdiction over this action. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

### III. THE COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiff asserts the Court should reconsider its conclusion that subject matter jurisdiction is lacking, and identifies several cases that purportedly demonstrate this Court can exercise jurisdiction over his claims. [Doc. No. 8, p.5-7.] Plaintiff's references are entirely unhelpful, as they do not bear on the facts of this case. "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. We presume that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (citations and internal marks omitted). Neither Plaintiff's complaint nor his motion for

reconsideration state a legally cognizable ground for the Court to exercise jurisdiction over Plaintiff's unintelligible allegations. Accordingly, reconsideration is not warranted.

### IV. VENUE IS NOT PROPER IN THE SOUTHERN DISTRICT OF CALIFORNIA

Lastly, even assuming federal jurisdiction existed, Plaintiff's action still cannot proceed in this district. Neither Plaintiff's complaint nor his motion for reconsideration identifies a single fact that suggests Plaintiff's grievances have any connection to the Southern District of California. *See generally*, 28 U.S.C. § 1391. As stated previously, Plaintiff's conclusory assertions that venue exists carry no weight. A careful review of the record reveals no discernable link to California, let alone the Southern District. [*See* Doc. No. 3, p.4 ("Defendants reside in Tennessee and Connecticut, and Plaintiff resides in Massachusetts . . . none of the parties reside in California, nor does it appear any discernable conduct occurred in this district").] The Court therefore declines to reconsider its ruling that venue is improper.

### CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for reconsideration. [Doc. No. 8.] The case shall remain closed; no further filings will be accepted.

**IT IS SO ORDERED**.

DATED: February 2, 2012

Hon. Michael M. Anello
United States District Judge